UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES H. ROBERTS,

     Petitioner,

v.                                              Nos.:  3:11-cv-294
                                                         3:11-cv-468
STATE OF TENNESSEE, et al.,                 (VARLAN/SHIRLEY)

     Respondent.

**MEMORANDUM**

     These are two petitions for the writ of habeas corpus in which petitioner Charles H. Roberts ("petitioner") challenges the same conviction from the Circuit Court of Roane County, Tennessee. The Court ordered the cases consolidated, with all pleadings to be filed in Civil Action No. 3:11-cv-294, and directed the Clerk to serve copies of the petitions and the Court's Order upon the Attorney General for the State of Tennessee. For the following reasons, the Attorney General's motion to stay proceedings [Doc. 37] will be **DENIED** and the habeas petitions will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. All other pending motions will be **DENIED** as **MOOT**.

     In its prior Order, the Court noted that petitioner filed a previous habeas corpus petition in this Court, in which he complained that he had been held without trial in the Roane County Jail for more than 120 days after his transfer from a Michigan facility on a Roane County detainer. Petitioner alleged that his continued confinement was a violation of the Interstate Agreement on Detainers (IAD). The petition was denied on the ground that

an alleged violation of the IAD cannot be a basis for federal habeas corpus relief. *Charles H. Roberts v. Roane County Circuit Court, et al.*, Civil Action No. 3:10-cv-137 (E.D. Tenn. April 28, 2006) (Judgment Order).

The Court further noted in the prior Order that, from a review of the pending petitions, it appeared that petitioner eventually pleaded guilty to the Roane County charges and was in the custody of the Tennessee Department of Correction. The record also reflected that petitioner had filed a petition for post-conviction relief in the trial court, alleging in part that his conviction was based upon an involuntary guilty plea, which was one of the many claims petitioner raised in his habeas corpus petitions.

Because the status of petitioner's state post-conviction petition was not apparent from the record, the Court ordered the Attorney General to inform the Court of the status of petitioner's Roane County criminal proceedings, including his state post-conviction petition, and whether the petitioner has exhausted his state court remedies in this case. The Attorney General was directed to provide the Court with copies of any relevant documents.

The Attorney General has responded to the Order and provided the Court with the relevant documents in petitioner's Roane County proceedings; the Attorney General also moves to stay this case pending petitioner's exhaustion of his state court remedies. [Doc. 37, Motion to Stay, Attachments 1-3].

On August 13, 2007, petitioner pleaded guilty to aggravated sexual battery in the Circuit Court of Roane County, Tennessee, and was sentenced to a term of imprisonment of ten years; the charges of rape of a child and especially aggravated sexual exploitation of a

minor (three counts) were dismissed. [*Id*., Attachment 1]. Petitioner filed a petition for post-conviction relief in the trial court on June 10, 2008, in which he alleged involuntary guilty plea, ineffective assistance of counsel, violation of the Interstate Agreement on Detainers, and violation of the Uniform Criminal Extradition Act. [*Id*., Attachment 2]. On December 20, 2011, the trial court ordered a status hearing to be held January 9, 2012, on the pending post-conviction petition. [Attachment 3]. In his response to the Court's Order, the Attorney General states that since the post-conviction petition was filed, petitioner has been appointed three different attorneys to represent him and there have been several court dates. [Doc. 36, Response, p. 3].

The claims raised in petitioner's pending state post-conviction petition are essentially the same claims raised in his pending federal habeas corpus petition. Clearly, petitioner has not exhausted his state court remedies. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1). This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

The motion to stay will be **DENIED**. The petitions for habeas corpus relief will be **DENIED** and these actions **DISMISSED WITHOUT PREJUDICE**. All other pending

motions will be **DENIED** as **MOOT**.  A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    UNITED STATES DISTRICT JUDGE